**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**Case Hilton,**

     **Plaintiff,**

**v.**                                                                                    **Case No.**

**IQ Fiber (DE), LLC,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Case Hilton** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **IQ Fiber (DE), LLC** ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and declaratory relief arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. ("FCRA"); and Fla. Stat. § 440.205, known as the Florida Workers' Compensation Act ("FWCA")

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims arose in Pinellas, Florida, which lies within the Middle District of Florida.

## PARTIES

4.   Plaintiff is a resident of Pinellas, Florida.

5.   At all times material hereto, Defendant was authorized to do business and conducted substantial business throughout the State of Florida, including within Pinellas County.

## GENERAL ALLEGATIONS

6.   Plaintiff has satisfied all conditions precedent to filing this action, including filing a timely charge of discrimination with the EEOC and receiving a Notice of Right to Sue.

7.   Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.   At all times material hereto, Plaintiff was an "employee" within the meaning of the FWCA, FCRA, the ADA, and Title VII.

9.   At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant continues is an "employer" within the meaning of the FWCA, FCRA, the ADA, and Title VII.

10.  At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

11. Plaintiff worked for Defendant from on or around May 1, 2025, until his unlawful termination on or around February 13, 2026.

12. At the time of his termination, Plaintiff held the position of Technical Operations Manager.

13. Plaintiff is a Black homosexual male.

14. Plaintiff also suffers from Type 1 diabetes, a disability within the meaning of the ADA and FCRA, which requires continuous monitoring, medication, and treatment.

15. Defendant was aware of Plaintiff's race, sex, sexual orientation, and disability.

16. Throughout his employment, Plaintiff satisfactorily performed the essential functions of his position.

17. During mid-2025, Plaintiff received a strong performance review from his direct supervisor.

18. Plaintiff's supervisor described him as a respected and valued member of Defendant's team.

19. Prior to engaging in protected activity, Plaintiff had not received disciplinary action, written counseling, or warnings regarding his job performance or expense reporting practices.

20. In or around October 2025, Defendant selected Plaintiff to support the launch of Defendant's St. Petersburg, Florida market.

21.    Defendant issued Plaintiff a written transition letter identifying November 3, 2025, as the transition date.

22.    As part of the transition, Defendant required Plaintiff to relocate and expressly authorized reimbursement for relocation-related expenses, including lease-break expenses.

23.    In reliance on Defendant's directives and representations, Plaintiff incurred relocation-related expenses, including a lease-break payment of approximately $3,580.

24.    Plaintiff submitted his relocation-related expenses openly and transparently through Defendant's standard reporting system.

25.    Defendant reviewed and approved Plaintiff's submitted expenses.

26.    Due to circumstances known to Defendant, including construction delays in the St. Petersburg market, lease notice requirements in Savannah, Georgia, and Plaintiff's continuing operational responsibilities in existing markets, Plaintiff did not physically relocate until approximately mid-January 2026.

27.    During this transition period, Plaintiff incurred business-related travel, lodging, and related expenses necessary to perform his assigned job duties.

28.    Plaintiff submitted these expenses through Defendant's ordinary expense reporting procedures.

29.    For several months, Plaintiff's supervisors repeatedly reviewed and approved Plaintiff's submitted expenses.

30. At no point prior to February 2026 did Defendant advise Plaintiff that any submitted expense violated company policy, required reimbursement, or was otherwise improper.

31. On or about December 11, 2025, Plaintiff suffered a workplace injury involving a company vehicle during the course and scope of his employment.

32. As a result of the workplace incident, Plaintiff sustained neck and back injuries which substantially limited one or more of Plaintiff's major life activities.

33. Plaintiff promptly reported his injury to Defendant and sought medical attention.

34. On or about December 18, 2025, Plaintiff filed a workers' compensation claim arising from his workplace injury.

35. Under the FWCA, Plaintiff had a valid claim for Workers' Compensation benefits due to the injury he sustained at work.

36. By attempting to pursue his right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

37. Following his workplace injury, Plaintiff requested reasonable accommodation related to his disability and medical condition.

38. Defendant represented to Plaintiff in writing that an accommodation plan would be prepared and implemented.

39. Despite these representations, Defendant failed to provide Plaintiff with reasonable accommodation.

40. Defendant further failed to engage in the interactive process in good faith.

41.    Instead, Defendant abandoned the accommodation process entirely before terminating Plaintiff's employment.

42.    Shortly after Plaintiff filed his workers' compensation claim and requested accommodation, Defendant began scrutinizing expenses that it had previously approved.

43.    On or about February 12, 2026, Defendant characterized certain previously approved expenses as "questionable expenditures" and requested additional information.

44.    Plaintiff promptly responded and explained that the expenses were legitimate business expenses incurred while carrying out Defendant's assigned responsibilities.

45.    Plaintiff offered to provide additional documentation and, if necessary, reimburse any disputed amount.

46.    Less than twenty-four (24) hours later, on February 13, 2026, Defendant terminated Plaintiff's employment.

47.    At the time of Plaintiff's termination, Defendant had not completed any meaningful investigation into the expenses it questioned. Defendant did not provide Plaintiff with a meaningful opportunity to respond, correct any alleged issue, or participate in any review process before terminating him.

48.    Defendant stated that Plaintiff was terminated for "failure to follow business expense policy."

49. Defendant failed to identify any specific policy provision Plaintiff allegedly violated.

50. Defendant failed to identify any specific improper expense.

51. Defendant never issues any prior warning, counseling, or discipline to Plaintiff until after he engaged in protected activity.

52. Defendant's stated reason for termination is pretextual.

53. The expenses cited by Defendant were incurred in connection with Plaintiff's assigned job responsibilities, submitted openly, and approved by management over multiple months.

54. Defendant deviated from its ordinary policies and practices by immediately terminating Plaintiff without progressive discipline.

55. Defendant also failed to revoke Plaintiff's company credit card or offer Plaintiff an opportunity to cure or repay any disputed amount before termination.

56. Despite Plaintiff's offer to address Defendant's concerns, Defendant terminated him before any review could occur.

57. Defendant's explanation for Plaintiff's termination shifted over time. Initially, Defendant referred to "questionable expenditures." Defendant later characterized the issue as "failure to follow policy."

58. Thereafter, Defendant escalated its characterization to alleged "misuse of the company credit card."

59. These shifting explanations support a reasonable inference of pretext and unlawful discriminatory and retaliatory motive.

60. The timing of Plaintiff's termination further supports an inference of retaliation and discrimination.

61. Plaintiff was terminated shortly after filing a workers' compensation claim and less than two months after requesting medical accommodation.

62. Similarly situated employees outside Plaintiff's protected classes were treated more favorably under similar circumstances.

63. Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA, the ADA, Title VII, and the FCRA by terminating his employment.

64. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under Title VII, the FWCA, the ADA, and the FCRA.

## <u>COUNT I —TITLE VII VIOLATION</u><br><u>(DISCRIMINATION)</u>

65. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66. Plaintiff is a member of a protected class under Title VII due to his race and sexual orientation.

67. Plaintiff was subjected to disparate treatment because of his race and sexual orientation.

68. Defendant knew or should have known of the disparate treatment suffered by

Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

69.  Defendant's actions were willful and done with malice.

70.  Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff

is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II — TITLE VII RETALIATION

71.  Plaintiff realleges and readopts the allegations of paragraphs 1 through 64 of this

Complaint, as though fully set forth herein.

72.     Plaintiff is a member of a protected class under Title VII.

73.     Plaintiff exercised or attempted to exercise his rights under Title VII, thereby

engaging in protected activity under Title VII.

74.     Defendant retaliated against Plaintiff for engaging in protected activity under Title

VII by terminating his employment.

75.     Defendant has taken material adverse action against Plaintiff.

76.     Defendant's actions were willful and done with malice.

77.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff

is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that

Defendant interfered with Plaintiff's rights under Title VII;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior

position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at

law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

### COUNT III – FCRA VIOLATION (DISCRIMINATION)

78.     Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 64 of this Complaint as though fully set forth herein.

79.     Plaintiff is a member of a protected class under the FCRA due to his race, disability, and sexual orientation.

80.     Plaintiff was subjected to disparate treatment because of his sexual orientation.

81.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

82.     Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

a.      Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

b.    Enjoin and permanently restrain Defendant from further violations of the FCRA;

c.    Award back pay to Plaintiff plus interest and all benefits;

d.    Award reasonable attorney's fees and costs to Plaintiff; and

e.    Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT IV – FCRA RETALIATION

83.    Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 64 of this Complaint as though fully set forth herein.

84.    Plaintiff is a member of a protected class under the FCRA.

85.    Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

86.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

87.    Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

a.    Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

b.    Enjoin and permanently restrain Defendant from further violations of the FCRA;

    c.   Award back pay to Plaintiff plus interest and all benefits;

    d.   Award reasonable attorney's fees and costs to Plaintiff; and

    e.   Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT V – WORKERS' COMPENSATION RETALIATION

88.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 64 of this Complaint, as though fully set forth herein.

89.    Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

90.    Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by terminating his employment.

91.    Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue, and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

    d)    Compensation for lost wages, benefits, and other remuneration;

e)    Compensatory damages, including damages recoverable for emotional distress allowable at law; and

f)    For such further relief as this Court deems just.

## COUNT VI —ADA VIOLATION
### (DISCRIMINATION)

92.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 64 of this Complaint as though fully set forth herein.

93.    Plaintiff is a member of a protected class under the ADA due to his disability.

94.    Plaintiff was subjected to disparate treatment due to his disability.

95.    Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

96.    Defendant's actions were willful and done with malice.

97.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT VII — ADA RETALIATION

98.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 64 of this Complaint, as though fully set forth herein.

99.    Plaintiff is a member of a protected class under the ADA because of his disability.

100.   Plaintiff exercised or attempted to exercise his rights under the ADA, thereby engaging in protected activity under the ADA.

101.   Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

102.   Defendant has taken material adverse action against Plaintiff.

103.   Defendant's actions were willful and done with malice.

104.   Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues.

Dated this 5th day of August 2026.

Respectfully submitted,

/s/ *Samuel Doxsee*
**SAMUEL DOXSEE**
Florida Bar Number: 127318
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@justicelitigation.law
E-mail: sam@justicelitigation.law
**Attorneys for Plaintiff**